IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01095-ZLW

LAVONE BONNIE BARRON,

Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

The matter before the Court is the "Motion for Reconsideration on Order of Dismissal" that Applicant Lavone Bonnie Barron, a *pro se* prisoner litigant, filed on June 15, 2010. Mr. Barron is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Barron seeks reconsideration of the Order of Dismissal and the Judgment entered on May 21, 2010. The Court must construe the motion liberally because Mr. Barron is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the motion as filed pursuant to Fed. R. Civ. P. 59(e) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Order of Dismissal and the Judgment entered on May 21 denied the Application for lack of jurisdiction and dismissed the action. The Court, therefore, will construe the Motion for Reconsideration as filed pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion for reconsideration should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion and the entire file, and for the reasons set forth in the May 21 Order of Dismissal, the Court concludes that Mr. Barron fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. Accordingly, it is

2

ORDERED that Mr. Barron's Motion for Reconsideration (Doc. No. 7) filed on June 15, 2010 is denied.

DATED at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01095-ZLW

Lavone Bonnie Barron
Prisoner No. 64792
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/30/10

              GREGORY C. LANGHAM, CLERK

              By: _____
                     Deputy Clerk